# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NIMAH MUWAKIL-ZAKURI,<br>Plaintiff,<br><br>v.<br><br>MARLON AZIKIWE ZAKURI,<br>Defendant. | CIVIL ACTION NO.<br>17-CV-2062 (JCH)<br><br><br><br>DECEMBER 11, 2017 |

## RULING AND ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER
## (DOC NO. 3)

This case comes before the court pursuant to a petition for relief under the Hague Convention on Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, title 22, sections 9001 through 9011. The petitioner, Nimah Muwakil-Zakuri, filed a Verified Complaint (Doc. No. 1) alleging that the respondent, Marlon Azikiwe Zakuri, is unlawfully retaining custody of I., age twelve, and A., age five ("the Children"). Muwakil-Zakuri alleges that the Children are habitual residents of Trinidad and Tobago, that she had custody of them in that country, that she permitted the Children to stay with their father, Zakuri, in the United States for twenty days terminating by agreement on August 28, 2017, and that Zakuri has unlawfully retained them up to and including this date.

Muwakil-Zakuri moves this court for judgment in her favor establishing that the Children be returned to Trinidad and Tobago. Muwakil-Zakuri further moves for a Temporary Restraining Order that:

- The Children be removed from Zakuri by the United States Marshal and delivered to Muwakil-Zakuri for care and custody pending further order of the court;

1

- All travel documents for the Children be surrendered to the United States Marshal and placed with the Clerk of the Court;
- Neither Zakuri nor anyone acting in concert with him shall take any action to remove the Children from the jurisdiction of this Court, or contact, harass, or restrain the Children or Muwakil-Zakuri in any way, pending a determination of the merits of the Verified Complaint.

See Motion for Temporary Restraining Order ("Mot. for TRO") (Doc. No. 3) at 3–4. The court held an ex parte hearing on the Motion for a Temporary Restraining Order on December 11, 2017. During that hearing, Muwakil-Zakuri offered evidence, and the court made factual findings on the record.

Based on those findings and for the following additional findings and reasons, Muwakil-Zakuri's Motion for Temporary Restraining Order is granted with slight modification.

**I.      LEGAL STANDARD**

Temporary restraining orders may be issued without notice to the opposing party if "specific facts in . . . a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Counsel has so certified.

The Second Circuit applies similar standards for temporary restraining orders and preliminary injunctions, "and district courts have assumed them to be the same." See Foley v. State Elections Enforcement Com'n, No. 10 Civ. 1091 (SRU) (D. Conn.

Jul. 16, 2010), 2010 WL 2836722, *3 (quoting Allied Office Supplies, Inc. v. Lewandowski, 261 F. Supp. 107, 108 n.2 (D. Conn. 2005)). Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks omitted). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." Johnson v. Newport Lorillard, No. 01 Civ. 9587 (SAS), 2003 WL 169797, *1 (S.D.N.Y. Jan. 23, 2003).

**II.     ANALYSIS**[1]

    A.    <u>ICARA Restrictions on Removal from Physical Custody / State Law</u>

Pursuant to title 22, section 9004(a), a court having jurisdiction under ICARA "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(b). However, section 9004(b) expressly provides that courts may not "order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 22 U.S.C. § 9004(b).

Courts considering motions for removal of children in Hague Convention cases typically identify the best state law analogue and then apply that to the Hague

---

[1] As noted above, findings of fact were made on the record at the hearing on the Motion for Temporary Restraining Order.

Convention case at bar.  See, e.g., Application of McCullough on Behalf of McCullough, 4 F. Supp. 411 (1998); Fink v. Walker, No. 06-cv-807-JPG, 2007 WL 114005 (S.D. Ill. 2007).  In this case, the court concludes that the applicable state law provision is Connecticut General Statutes section 46b-56f ("Section 46b-56f"), which governs emergency ex parte orders of custody.

Section 46b-56f provides that "[a]ny person seeking custody of a minor child . . . may make an application . . . for an emergency ex parte order of custody when such person believes an immediate and present risk of physical danger or psychological harm to the child exists."  C.G.S. § 46b-56f(a).  If the court finds that "an immediate and present risk of physical danger or psychological harm to the child exists, the court may, in its discretion, issue an emergency order for the protection of the child."  Such order may, in pertinent part, enjoin the respondent from removing the child from the state and interfering with the applicant's custody of the child.  C.G.S. § 46b-56f(c).

In this case, based on the record before this court and the findings made on the record during the hearing on the Motion for Temporary Restraining Order, the court concludes that the requirements of Section 46b-56f have been met.  Therefore, the court concludes that ICARA's requirements regarding removal of a child from a person's physical custody has been satisfied in this case, under Connecticut state law, at least until the hearing scheduled to take place ten days from the date of this Order.

B.  Temporary Restraining Order Conclusions

With respect to the requirements for issuance of a temporary restraining order, the court concludes that Muwakil-Zakuri has met her burden.  First, with respect to a likelihood of success on the merits, in order to prevail on a claim under the Hague Convention a petitioner must show "(1) the child was habitually resident in one State

4

and has been removed or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." Gitter v. Gitter, 396 F.3d 124, 130–31 (2d Cir. 2005). Here, the sworn testimony and exhibits on the record before the court clearly establish that I. and A. are both under sixteen years old, that they habitually reside in Trinidad and Tobago (the country of their birth), that Muwakil-Zakuri has legal custody of the Children, that she was exercising that custody immediately before the Children were turned over to their father's custody on a temporary basis, and that she now has sole custody by order of the Trinidad and Tobago court system. The court therefore concludes that Muwakil-Zakuri has clearly satisfied her obligation of showing that there is a reasonable likelihood of success on the merits of her Verified Complaint.

With respect to the irreparable harm prong, in light of the court's conclusion that the children are at risk of immediate physical danger and psychological harm, there can be little question that Muwakil-Zakuri has satisfied the court as to the irreparable harm prong.

As to the balance of the equities, Muwakil-Zakuri has provided strong evidence that she has legal custody of the Children, that the Children were turned over to Zakuri on a temporary basis, and that Zakuri has unlawfully retained the children. The sworn evidence also shows that Zakuri has deprived Muwakil-Zakuri of contact with her children and threatened her, as well as giving her reason to believe that the Children are in danger. On the other hand, Muwakil-Zakuri has agreed to the turn over of the Children's travel documents to the court, and has sworn to remain in the court's

5

jurisdiction pending resolution of this case.  The court therefore concludes that the equities are in favor of removing the children from Zakuri and placing them in the care and custody of Muwakil-Zakuri for ten days pending a hearing and further order of this court.

Finally, as to the public interest, the court concludes that the public interest is served by removing the Children from a parent who has unlawfully retained custody of children and has a history of acting in a violent and threatening manner toward himself and others.  The court therefore concludes that the public interest is served by granting Muwakil-Zakuri's Motion.

## III. ORDERS

For the foregoing reasons, Muwakil-Zakuri's Motion for Temporary Restraining Order (Doc. No. 3) is granted.

The U.S. Marshals are hereby ordered to remove the Children, I. and A., from the custody of the respondent, Marlon Azikiwe Zakuri, and place them in the custody of the petitioner, Nimah Muwakil-Zakuri, pending further order from this court.

Nimah Muwakil-Zakuri is ordered to maintain the Children in the District (State) of Connecticut and is ordered not to remove them from the District (State) of Connecticut.

The U.S. Marshals are further ordered to seize all travel documents of the Children, including their Trinidad and Tobago passports, any other passports, immunization cards, and any other travel documents pertaining to the children, including expired documents. To the extent that Mr. Zakuri is unable to turn over travel documents pertaining to the Children to the U.S. Marshals, he is prohibited from destroying or concealing those documents, and is ordered to bring those documents to the hearing on Wednesday, December 20, 2017 at 2 pm, before the Honorable Judge

Janet Hall at the U.S. District Court located at 141 Church Street, New Haven, Connecticut 06510.

If the children cannot be removed by the U.S. Marshals from a school or medical facility, the U.S. Marshals have permission to enter the dwelling of Marlon Azikiwe Zakuri or any other location at which the children may be located.

The U.S. Marshals further have permission to transfer the Children as needed to remove them from the custody of Marlon Azikiwe Zakuri to the custody of Nimah Muwakil-Zakuri. Transfer of custody should occur on the scene of the removal or as near to the scene as possible, at the discretion of the U.S. Marshals.

Marlon Azikiwe Zakuri is hereby prohibited from contacting, harassing, or otherwise restraining the Children, I. and A., or Nimah Muwakil-Zakuri in any way, pending a determination of the merits of the Verified Complaint.

Nimah Muwakil-Zakuri is hereby prohibited from contacting, harassing, or otherwise restraining Marlon Azikiwe Zakuri, or allowing contact between the Children and Marlon Azikiwe Zakuri.

The U.S. Marshals are given the discretion to effectuate the arrest of anyone who impedes the lawful execution of this Order, and to use any reasonable force necessary to effectuate this Order and to ensure the safety of the U.S. Marshals and the Children.

**SO ORDERED**.

Dated this 11th day of December, 2017 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge