UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NIMAH MUWAKIL-ZAKURI,<br>    Plaintiff, | CIVIL ACTION NO.<br>17-CV-2062 (JCH) |
| v. | |
| MARLON AZIKIWE ZAKURI,<br>    Defendant. | APRIL 4, 2018 |

**RULING RE: MOTION FOR ATTORNEY FEES AND COSTS (DOC. NO. 55)**

  This case came before the court pursuant to a Petition for relief under the Hague Convention on Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), title 22 sections 9001 through 9011 of the United States Code.  On December 11, 2017, the petitioner, Nimah Muwakil-Zakuri ("Muwakil-Zakuri"), filed a Verified Complaint (Doc. No. 1) alleging that the respondent, Marlon Zakuri ("Zakuri") had unlawfully retained their two minor children, of whom she had primary custody and who were habitually resident in Trinidad and Tobago, in the United States.  On the same day, she filed an ex parte Motion for Temporary Restraining Order (Doc. No. 3).

  On December 11, 2017, this court held a hearing, with only the petitioner and her counsel present, on her Motion for Temporary Restraining Order to have the children removed from the physical custody of the defendant, Marlon Azikiwe Zakuri, and placed in her physical custody.  The court granted this request.  See Order on Temporary Restraining Order (Doc. No. 15).  The court subsequently held hearings with both parties present and received evidence on December 20 and December 29, 2017.  At the hearing on December 29, 2017, the parties agreed to a Stipulation, which provided,

1

among other things, that Judgment should enter in favor of Muwakil-Zakuri.  See Order (Doc. No. 43) at 4–6.  In light of the Stipulation, the court ordered that Muwakil-Zakuri could return to Trinidad and Tobago with the minor children, entered judgment in favor of Muwakil-Zakuri, and closed the case.  See id. at 2.

Counsel for Muwakil-Zakuri, Attorney Mark Shiffrin, now moves this court for attorney fees and costs.  See Motion for Attorney Fees and Costs ("Mot.") (Doc. No. 55).  Specifically, Attorney Shiffrin requests fees at a rate of $450 per hour for 54 hours of work, which amounts to $24,300 in attorney fees.  He also requests costs including: (1) a $40 per diem for Muwakil-Zakuri for twenty days she spent in the United States prosecuting this matter; (2) $2500 for fees she paid to local counsel in Trinidad and Tobago on this matter; (3) $500 for airfare for an initial trip she made to the United States in August and September 2017; (4) $1600 for airfare for herself and the minor children to return to Trinidad and Tobago in December 2017; and (5) $900 for ground transportation while in the United States.

## I. AWARD OF LITIGATION EXPENSES UNDER ICARA

Title 22 section 9007 of the United States Code provides, in relevant part, as follows:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including . . . legal fees . . . and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3).  As the Second Circuit has noted, this language creates a "presumption of an award of expenses to a prevailing petitioner."  Souratgar v. Lee Jen Fair, 818 F.3d 72, 79 (2d Cir. 2016); see Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir.

2

2013) ("[A] prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court.").

The respondent, Zakuri, does not object to the request for attorney fees and costs, to the number of hours worked, or to the hourly rate requested. Zakuri does, however, assert that he and Muwakil-Zakuri jointly own property in Trinidad and Tobago, that he has no assets or income in the United States, and that fees and costs should be paid from the proceeds of the sale of the jointly owned property in Trinidad and Tobago. See generally Response to Motion for Attorney Fees and Costs ("Response") (Doc. No. 56). Zakuri also argues that he should not pay for the travel expenses related to the children's return to Trinidad and Tobago because Muwakil-Zakuri agreed to bear those costs. See Id. at ¶ 4.

The court concludes that an award of attorney fees and costs is justified in this case, based on the facts adduced in evidentiary hearings and the outcome of the case, and in the absence of an objection from Zakuri.

## II.   ATTORNEY FEES

Determining the amount of costs to which Muwakil-Zakuri is entitled for attorney fees requires the court to set a "reasonable hourly rate, taking account of all case-specific variables." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 189 (2d Cir. 2008). Relevant considerations include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the

experience, reputation, and ability of the attorney[ ]; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at 186 n.3 (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)).  In determining what rate is reasonable, the court may take judicial notice of the prevailing rates in this District, based on both rates awarded in other cases and the court's own familiarity with prevailing rates.  See Farbotko v. Clinton Cty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005); M.K. ex rel. K. v. Sergi, 578 F. Supp. 2d 425, 427 (D. Conn. 2008).

In support of his request for an hourly rate of $450 per hour, Attorney Shiffrin represents that $450 is a rate that he "has otherwise quoted, billed, and been paid for hourly representation."  Mot. at 4.  He also represents that he is a highly qualified and experienced attorney with almost forty years of legal experience, including dozens of trials and five other successful motions for temporary restraining order.  Id. at 5. Attorney Shiffrin has not provided the court with any evidence or case law to support his assertion that $450 per hour is a reasonable rate.  See generally id.

The court does not dispute that Attorney Shiffrin is an experienced attorney who achieved a thoroughly favorable and timely outcome for his client.  However, based on the factors that the Second Circuit has directed district courts to consider and the prevailing rate in this District, the court concludes that $450 is not a reasonable rate.  A survey of recent attorney fee cases in this District reflect that reasonable hourly rates for experienced attorneys, including law firm partners, ranging from approximately $350 to $425 per hour.  See, e.g., U.S. Bank Tr., N.A. v. Walbert, No. 3:17-CV-991 (CSH), 2017 WL 4613192, at *4 (D. Conn. Oct. 16, 2017) (awarding rate of $425 per hour for partner

4

in Boston law firm with nationally recognized expertise in relevant area of law); Doe v. Darien Bd. of Educ., No. 3:11-CV-1581 (JBA), 2015 WL 8770003, at *6 (D. Conn. Dec. 14, 2015) (awarding attorneys $350 per hour where plaintiffs failed to demonstrate that either attorney "has any specialized experience in the area of civil rights litigation"); Crawford v. City of New London, No. 3:11-CV-1371 (JBA), 2015 WL 1125491, at *3 (D. Conn. Mar. 12, 2015) (noting that "$450/hour is on the high end [of hourly rates in the District of Connecticut] and is generally reserved for particularly distinguished attorneys successfully taking on difficult or novel cases" and awarding $410 per hour to attorneys with thirty years of experience); Rousseau v. Morris, No. 3:11-CV-1794 (SRU), 2014 WL 941476, at *1 (D. Conn. Mar. 11, 2014) (solo practitioner with over 35 years' experience who was nationally recognized expert in the field awarded $350 per hour); M.K. ex rel. K., 578 F. Supp. 2d at 428 (experienced attorney with more than thirty years of experience in the relevant area of law awarded $375 per hour); but see In re Aggrenox Antitrust Litig., No. 3:14-MD-2516 (SRU), 2017 WL 4679228, at *8 (D. Conn. Oct. 18 2017) (awarding rates as high as $500.50 per hour for partner at a large New York law firm with 25 years of legal experience in a complex multidistrict antitrust case, and collecting cases with rates as high as $525 per hour).  Based on rates awarded to experienced attorneys in other cases in this District, and absent any evidence showing that those rates are not reasonable in this case, the court concludes that $400 per hour is a reasonable rate for Attorney Shiffrin.

As to the number of hours that Attorney Shiffrin represents he expended in this case, the court concludes that 54 hours is reasonable in light of the procedural history of the case, which included a successful Motion for Temporary Restraining Order and two

evidentiary hearings. Furthermore, Zakuri does not object to the number of hours for which Attorney Shiffrin billed. Therefore, the court awards Attorney Shiffrin $400 per hour for 54 hours of work on this case, for a total of $21,600.

## III. COSTS

With respect to the costs requested by Muwakil-Zakuri, the court concludes that Muwakil-Zakuri is entitled to all of those costs except the cost of return airfare for the children. Zakuri represents that Muwakil-Zakuri agreed to bear the cost of return travel for the children. See Affidavit of Marlon Zakuri (Doc. No. 56) at ¶ 10. Although Muwakil-Zakuri argues, through counsel, that she is entitled to "the full costs of travel occasioned by the wrongful retention," she does not dispute the factual assertion that she agreed to pay for the return travel for the minor children. See Petitioner's Reply (Doc. No. 57). The court recognizes that ICARA expressly provides that a successful petitioner is entitled to "transportation costs related to the return of the child[ren]." 22 U.S.C. § 9007(b)(3). However, as the Second Circuit has held, ICARA "retains . . . the 'equitable' nature of cost awards." Ozaltin, 708 F.3d at 375. In light of the agreement between the parties that Muwakil-Zakuri would pay for the children's return travel, the court concludes that it would be "clearly inappropriate" to order Zakuri to bear that cost. 22 U.S.C. § 9007(b)(3). Therefore, the court awards Muwakil-Zakuri the costs requested less $1,200, which is two-thirds the requested cost for Muwakil-Zakuri and the two minor children to return to Trinidad and Tobago. The total costs awarded are $5,100.

## IV. SATISFACTION OF JUDGMENT

Finally, with respect to Zakuri's request that the judgment be satisfied through proceeds from a sale of jointly owned property in Trinidad and Tobago, it is not the

court's role, nor within its power, to adjudicate the means by which the judgment is satisfied.  Therefore, the court does not reach the merits of this request by Zakuri.

## V. CONCLUSION

For the reasons stated above, petitioner Nimah Muwakil-Zakuri's Motion for Attorney Fees and Costs is hereby granted as follows:  Attorney Shiffrin is entitled to an hourly rate of $400 for all of the claimed 54 hours.  At $400 per hour, the 54 hours result in a fee award of $21,600 which, combined with $5,100 in costs, results in an overall award of $26,700.

**SO ORDERED**.

Dated this 4th day of April 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge